UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTOINE MILLS,

        Petitioner,

                                 File No.  2:11-CV-374

v.

                                 HON. ROBERT HOLMES BELL

MITCH PERRY,

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Antoine Mills's objections to the Magistrate Judge's November 14, 2011, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears that the petition is barred by the one-year statute of limitations.  (Dkt. No. 3.)  Petitioner filed objections to the R&R on November 29, 2011.  (Dkt. No. 4.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner does not challenge the Magistrate Judge's determination that the one-year

limitations period expired long before he filed this habeas petition.  Petitioner nevertheless requests the Court to excuse the delay because he is ignorant of the law, and he spent seven years attempting to obtain appellate counsel and his complete file.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))(internal quotations omitted).  The doctrine of equitable tolling is applied sparingly by federal courts.  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  Petitioner has not established that any extraordinary circumstance prevented him from timely filing his habeas petition.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 4) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the November 14, 2011, R&R (Dkt. No. 4) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: <u>September 6, 2012</u>                    <u>/s/ Robert Holmes Bell            </u>
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE